# EXHIBIT A

1  ACKERMANN & TILAJEF, P.C.
   Craig J. Ackerman (SBN 229832)
2  cja@ackermanntilajef.com
   Sam Vahedi (SBN 282660)
3  cja@ackermanntilajef.com
   1180 South Beverly Drive, Suite 610
4  Los Angeles, California 90035
   Telephone:   (310) 277-0614
5  Facsimile:   (310) 277-0635

6  WINSTON LAW GROUP, P.C.
   David S. Winston, Esq. (SBN 301667)
7  david@employmentlitigators.com
   1180 South Beverly Drive, Suite 610
8  Los Angeles, California 90035
   Phone: (424) 288-4568
   Fax: (424) 532-4062
9
   MELMED LAW GROUP P.C.
10 Jonathan Melmed (SBN 290218)
   jm@melmedlaw.com
11 1180 South Beverly Drive, Suite 610
   Los Angeles, California 90035
12 Telephone: (310) 824-3828
   Facsimile: (310) 862-6851

13
14 *Attorneys for Plaintiff and the Putative Classes*

15              SUPERIOR COURT OF CALIFORNIA

16                COUNTY OF SAN BERNARDINO

17 RICK HOLLIS, individually and on behalf of    **Case No:** CIVDS 1721907
   all others similarly situated,
18                                               **CLASS ACTION & REPRESENTATIVE
                                                 ACTION COMPLAINT FOR:**
19          Plaintiff,

20                                               (1) **Failure to Provide Complete/Accurate Wage
                                                     Statements (Labor Code § 226);**
21      v.
                                                 (2) **PAGA Penalties (Labor Code §§ 2699, *et seq.*;**
22 UNION PACIFIC RAILROAD COMPANY, a                 and
   Delaware Corporation; and DOES 1-50,
23                                               **DEMAND FOR JURY TRIAL FOR THE CLASS
          Defendants.                            CLAIMS**
24
25
26
27
28

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

NOV 06 2017

BY Paula Rogers
Paula Rogers   DEPUTY

1  Plaintiff RICK "RICKY" HOLLIS ("Plaintiff"), as a Class Action on behalf of himself and

2  all other similarly situated employees of Defendant Union Pacific Railroad Company ("Defendant")

3  and as an "aggrieved employee" acting as a private attorney general under the Labor Code Private

4  Attorneys General Act of 2004, § 2699, *et seq*. ("PAGA") complains of Defendant Union Pacific

5  Railroad Company ("Defendant" or "Union Pacific") and each of them, as follows.

6  ## OVERVIEW OF CLAIMS

7  1.   Plaintiff brings this action on behalf of himself and all other similarly-situated

8  employees and on behalf of all other Aggrieved Employees, as a class action and as a representative

9  action pursuant to California's Private Attorney Generals Act, Labor Code sections 2698-2699 et seq.

10  ("PAGA"), against Defendant Union Pacific Railroad Company, a Delaware Corporation, and DOES

11  1-50 ("Defendant")1 for its failure to provide Plaintiff and the other Class Members and Aggrieved

12  Employees with accurate and complete wage statements in violation of California Labor Code § 226(a),

13  and seeks penalties pursuant to Labor Code sections 226(e)and California's Private Attorney General

14  Act ("PAGA"), 2698-2699 et seq., as described further below. The Class Period as referenced to in this

15  Complaint shall mean and refer to May 11, 2016 and continuing into the present.

16  2.   Plaintiff seeks to represent a several Classes of employees composed of and defined as:

17 (1) all current and former California Resident employees of Union Pacific Railroad
18  Company who worked one or more pay periods from May 11, 2016 through the
19  date the Court certifies this Class. (Proposed California Resident Itemized Wage Statement Class");

20 (2) all current and former California Resident employees of Union Pacific Railroad
21  Company who were paid on a piece rate basis and/or trip rate basis and who worked
22  one or more pay periods from May 11, 2016 through the date the Court certifies this Sub-Class. ("Proposed California Resident Piece Rate Itemized Wage Statement Class");

23 (3) all current and former employees of Union Pacific Railroad Company who
24  spent the majority (more than 50%) of at least one pay period working for Union Pacific Railroad Company in California from May 11, 2016 through
25  the date the Court certifies this Class. ("Proposed Itemized Wage Statement Class"); and

26
27
28 1 Any reference to "Defendant" in this Complaint in singular form is also a reference to all Defendants, including DOES 1-50.

(4)  all current and former employees of Union Pacific Railroad Company who were paid on a piece rate basis and/or trip rate basis and who spent the majority (more than 50%) of at least one pay period working for Union Pacific Railroad Company in California from May 11, 2016 through the date the Court certifies this Class. ("Proposed Piece-Rate Itemized Wage Statement Class").

(Collectively, these classes may be referred to as the "Classes.").

## JURISDICTION

3.      Defendant is within the jurisdiction of this Court. Defendant is a railroad company that operates approximately 16 "freight runs" entirely or partly within the state of California, transacting hundreds of millions of dollars of business by transporting general freight throughout California, among other states. Thus, Defendant has obtained the benefits of the laws of the State of California. In addition, Plaintiff asserts no claims arising under federal law. Rather, Plaintiff brings causes of action based solely on, and arising from, California law, and on behalf of the State of California.

## VENUE

4.      Venue is proper in this county under section 395.5 of the California Code of Civil Procedure.  Plaintiff and the putative Class Members and Aggrieved Employees were employed in California and performed work during the Class Period in San Bernardino County. Many of Defendant's wrongful acts as alleged herein occurred in San Bernardino County. Venue is thus proper in San Bernardino County.

## THE PARTIES

5.      Defendant UNION PACIFIC RAILROAD COMPANY is a Delaware Corporation, and one of the largest railroad companies in the United States, operating over 32,000 miles of railroad track across 23 states. Defendant employs over 40,000 employees across the country with an annual payroll of $4.1 billion, operates 8,500 locomotives and serves over 10,000 customers. In California, Defendant operates 3,291 miles of railroad truck and employs more than 4,450 employees with an annual payroll of $414.3 million. Specifically, in California, Defendant serves the agricultural central valley, the Port of Oakland, Barstow, Needles, Bloomington, the San Francisco Bay Area and the Los Angeles Metropolitan Area, including Los Angeles' two major ports in Los Angeles and Long Beach.

6.      Plaintiff is a California resident and was employed as a "through freight employee" by Defendant during the relevant time period.  Through freight employees included conductors, engineers and break-men (and all other employees paid, in part, on a "per trip" basis) for work performed on

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

Defendant's freight trains in California. Venue is proper in San Bernardino County because based upon information and belief, Defendants operated trains that Plaintiff worked on and out of yards in Bloomington, California.   Throughout his employment, including during the Class Period and the applicable PAGA period, Plaintiff, like other Class Members and the Aggrieved Employees, was issued incomplete and inaccurate wage statements that failed to include the name of the legal entity that is the employer, the total hours worked by the employee, the number of piece-rate units earned and the applicable piece rates, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. Plaintiff worked for Defendant during the statutory period applicable to these claims.

7.     The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who sue such Defendants by fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated as DOES when such identities become known. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants acted in all respects pertinent to this action as agents of the other DOE defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

**FACTUAL ALLEGATIONS**

8.     Defendant pays Class Members on a semimonthly basis. Throughout the Class Period, Defendant has issued itemized wage statements within the meaning of Labor Code § 226 in substantially the same form.  Moreover, all of Defendant's employees in California received inaccurate or incomplete wage statements that failed to include the correct legal name of their employer and failed to include all the applicable hourly rates in effect during the pay period, the corresponding number of hours worked at each hourly rate by the employee, the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate.

9.     Defendant's wage statements have been and continue to be deficient in various respects,

- 4 -

including the following:

    **a.**  In violation of Labor Code section 226(a)(2), the itemized wage statements issued by Defendant's to Plaintiff, the Class Members, and the aggrieved employees do not show the total hours worked. Instead, the itemized wage statements issued by Defendant to Plaintiff, the Class Members, and the aggrieved employees omitted certain hours worked, including but not limited to the number of hours worked on a piece-rate basis and/or "straight time" basis among others and therefore misreported and/or significantly underreported the total number of hours worked.  Moreover, for many of the hours that Plaintiff, the Class Members, and the other aggrieved employees worked, Defendant misreported that they worked "0.00" hours resulting in an underreporting and misreporting of the total hours worked.

    **b.**  In violation of Labor Code section 226(a)(3), the itemized wage statements issued by Defendant to Plaintiff, the Proposed Piece Rate and California Resident Piece Rate Subclass Members, and the aggrieved employees do not include the number of piece-rate units earned by through freight employees during all applicable piece rates. There is no indication anywhere of the number of piece-rate units earned or the number of applicable piece rates earned.

    **c.**  In violation of Labor Code section 226(a)(8), the itemized wage statements issued by Defendant to Plaintiff, the Class Members, and all of the aggrieved employees during the Class and PAGA periods did not include the actual name of the legal entity that is the employer and instead identifies another incorrect entity as their employer.

    **d.**  In violation of Labor Code section 226(a)(9), the wage statements issued by Defendant to Plaintiff, the Class Members and the aggrieved employees during the Class Period and the PAGA Period do not and did not include all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Instead, the wage statements issued to through freight employees indicate and indicated that the "current hours" are "0.00" and that the "Rate" ass "0.00."  Moreover, Defendant frequently issued wage statements that incorrectly identified the actual hourly rates applicable to Class Members and PAGA aggrieved employees. In other words, while some rates and the number of hours worked at those rates were entirely and/or partially omitted, other rates were listed incorrectly.

    10.    Moreover, from at least May 8, 2016 through the present, Defendant knowingly and

1    intentionally failed to issue accurate and complete itemized wage statements in writing to Plaintiff, the

2    Classes, and the aggrieved employees that accurately indicate the name of the legal entity that is the

3    employer, the total hours worked by the employee, the number of piece-rate units earned and any

4    applicable piece rate if the employee is paid on a piece rate basis, and all applicable hourly rates in

5    effect during the pay period and the corresponding number of hours worked at each hourly rate by the

6    employee.

7          11.      In addition,  as a result of Defendant's failure to include the information required by

8    Labor Code § 226(a) and provision of inaccurate information, Plaintiff, the Classes, and the aggrieved

9    employees could not readily and easily ascertain indicate the name of the legal entity that is the

10    employer, the total hours worked by the employee, the number of piece-rate units earned and any

11    applicable piece rate if the employee is paid on a piece rate basis, and all applicable hourly rates in

12    effect during the pay period and the corresponding number of hours worked at each hourly rate by the

13    employee.

14          12.      Furthermore, although Defendant engaged in a common practice and had a common

15    policy of failing to include information required by Labor Code § 226(a)(2), (3), (8), and (9) in

16    the wage statements it issued to Plaintiff, the Class Members, and the aggrieved employees, Defendant also

17    failed to adopt a set of policies, procedures, and practices to ensure that it complied with Labor Code §

18    226. Accordingly, Defendant's conduct was knowing and intentional as set forth in Labor Code §

19    226(e)(3).

20          13.      Defendant knew when issuing itemized wage statements to Plaintiff, the Classes, and the

21    aggrieved employees that its wage statements did not indicate the name of the legal entity that is the

22    employer, the total hours worked by the employee, the number of piece-rate units earned and any

23    applicable piece rate if the employee is paid on a piece rate basis, and all applicable hourly rates in

24    effect during the pay period and the corresponding number of hours worked at each hourly rate by the

25    employee.

26          14.      Further, Defendant's conduct was not only knowing and intentional but also willful in

27    that it failed to correct and/or modify its wage statements to comply with Labor Code § 226(a) despite

28    receiving Plaintiff's PAGA Notice in May 2017.

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

15. In addition, Plaintiff, Class Members, and the aggrieved employees all suffered legal "injury" for purposes of Labor Code section 226(e) insofar as they were unable to readily and easily determine from the wage statements themselves the information required to be set forth by Section 226(a), the information provided by Defendant was confusing and inaccurate, Plaintiff, the Class Members, and the aggrieved employees were unable to determine at all and/or without resort to extraneous documents and information the name of the legal entity that is their employer, the total hours worked by the employee, the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382, and a representative action under PAGA. Pursuant to CCP, Section 382, Plaintiff seeks to represent a several Classes of employees composed of and defined as:

(1) all current and former California Resident employees of Union Pacific Railroad Company who worked one or more pay periods from May 11, 2016 through the date the Court certifies this Class. (Proposed California Resident Itemized Wage Statement Class");

(2) all current and former California Resident employees of Union Pacific Railroad Company who were paid on a piece rate basis and/or trip rate basis and who worked one or more pay periods from May 11, 2016 through the date the Court certifies this Sub-Class. ("Proposed California Resident Piece Rate Itemized Wage Statement Class");

(3) all current and former employees of Union Pacific Railroad Company who spent the majority (more than 50%) of at least one pay period working for Union Pacific Railroad Company in California from May 11, 2016 through the date the Court certifies this Class. ("Proposed Itemized Wage Statement Class"); and

(4) all current and former employees of Union Pacific Railroad Company who were paid on a piece rate basis and/or trip rate basis and who spent the majority (more than 50%) of at least one pay period working for Union Pacific Railroad Company in California from May 11, 2016 through the date the Court certifies this Class. ("Proposed Piece-Rate Itemized Wage Statement Class").

17. This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation,

the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class:

**a.** **<u>Numerosity</u>**: The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that Defendant has employed more than one thousand (1000) Class Members in California during the Class Period who were subject to the violations specified herein. The Class Members are thus so numerous that joinder of all members of the proposed Class is therefore not practicable. However, the overall amount at issue is below $5,000,000 given that PAGA penalties cannot be aggregated to satisfy CAFA. *See e.g. Yocupicio v. PAE Group, LLC* 795 F.3d 1057, 1062 (9th Cir. 2015) (holding that "the amount involved in the non-class claims cannot be used to satisfy the CAFA jurisdictional amount, and the CAFA diversity provisions cannot be invoked to give the district court jurisdiction over the non-class claims.").

**b.** **<u>Commonality</u>**: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

i.   Whether Defendant failed to provide Plaintiff and the other Class members with accurate and complete itemized wage statements that set forth the total hours worked by the employee, the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

ii.   Whether Plaintiff and the Class Members all suffered legal "injury" sufficient to trigger damages under Labor Code section 226(e);

iii.   Whether Defendant's actions were knowing and intentional within the meaning of Labor Code § 226(e);

iv.   Whether Defendant owes penalties to Plaintiff and the other Class Members pursuant to Labor Code §226(e) for committing each of the violations detailed in this Complaint, including Defendant's failure to provide complete and accurate wage statements during the applicable Class Period and on-going;

v.   The nature and extent of class-wide damages; and

vi.  The proper formula(s) for calculating damages, interest, and restitution owed to the Class Members;

**c.  <u>Typicality:</u>** Plaintiff's claims are typical of and/or reasonably coextensive with the claims of the Class. Both Plaintiff and Class Members received inaccurate, incomplete and/or false wage statements, all in violation of Labor Code section 226(a), and they experienced these violations and the same confusion constituting legal injury, in similar ways.

**d.  <u>Adequacy of Representation:</u>** Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class and Class Members. Plaintiff's interests do not conflict with those of Class and Class Members. Counsel who represent Plaintiff are competent and experienced in litigating large wage and hour class actions, including numerous class action and PAGA cases alleging wage and hour violations, including inaccurate wage statement claims, and will devote sufficient time and resources to the case and otherwise adequately represent Plaintiff and the Class.

**e.  <u>Superiority of Class Action:</u>** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all 6,000 Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has received inaccurate or incomplete wage statements, have experienced confusion and legal injury, and are entitles to penalties pursuant to Labor Code section 226(a) and (e).  Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient adjudication of Defendant's illegal wage statement policies and practices in "one fell swoop", and will thereby effectuate California's strong public policy of protecting employees from wage and hour violations.  If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members to bring individual actions to recover penalties owed to them by Defendant, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

/ / /

/ / /

# FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE COMPLETE/ACCURATE WAGE STATEMENTS
[Cal. Labor Code § 226(a), 226(e) and 226.2(a)(2)(A)-(B)]
*On behalf of Plaintiff and the Class, Against Defendant*

18.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

19.    The actionable period for this cause of action is from May 11, 2016 through the present, and on-going until the violations are corrected, or the Class is certified (the "Wage Statement Penalty Period").  Although the statute of limitations for penalty claims is ordinarily one year prior to the filing of the Complaint through the present or the date the wage statements became compliant, Defendant here entered into a tolling agreement with Plaintiff on or about May 11, 2017, tolling the statute of limitations for the claims at issue until November 3, 2017.

20.    Section 226(a) of the California Labor Code provides, in relevant part:

> Every employer shall…furnish each of his or her employees…an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all -deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and…(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

21.    As set forth above, during the Class Period, Defendant's wage statements issued to Class Members during the Class Period violated Labor Code Section 226(a) because due to omissions and the provision of inaccurate information as set forth in detail above, they failed to show and/or accurately indicate (or both with respect to certain violations) the total hours worked; include the number of piece-rate units earned and any applicable piece rate; failed to include the correct name of the legal entity that is the employer; and omitted and misreported all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. Accordingly,

- 10 -

1   Plaintiff and the Class Members suffered legal injury, sufficient to trigger the penalties referenced in

2   Labor Code section 226(e).

3         22.    As a result of Defendant's unlawful and faulty policies and practices as set forth above,

4   Plaintiff, the Class Members, and the aggrieved employees were unable to readily and easily determine

5   from the wage statements themselves the information required to be set forth by Section 226(a) at all

6   and/or without resort to extraneous and information the name of the legal entity that is their employer,

7   the total hours worked by the employee, the number of piece-rate units earned and any applicable piece

8   rate if the employee is paid on a piece rate basis, and all applicable hourly rates in effect during the pay

9   period and the corresponding number of hours worked at each hourly rate by the employee.

10        23.    Defendant's failure to comply with section 226(a) of the Labor Code was knowing and

11  intentional, particularly because the United States Supreme Court found more than one-hundred (100)

12  years ago in *Erie R. Co. v. Williams*, 233 U.S. 685 (1914) that railroads must observe state laws related

13  to the payment of wages to railroad employees. Despite the U.S. Supreme Court's clear instructions more

14  than one-hundred (100) years ago, Defendant failed to make any effort whatsoever to ensure that it

15  complied with Labor Code § 226 and/or to correct its unlawful practices after receiving Plaintiff's PAGA

16  Notice in May 2017.

17        24.    As a result of Defendant's issuance of inaccurate and incomplete itemized wage

18  statements to Plaintiff and the Class in violation of Labor Code section 226(a), the members of the Class,

19  including Plaintiff, are each entitled to recover an initial penalty of $50, and subsequent penalties of $100,

20  up to an amount not exceeding an aggregate penalty of $4,000 per violation per Plaintiff and per every

21  member of the Class from Defendant pursuant to section 226(e) of the Labor Code, plus litigation costs

22  and reasonable attorneys' fees.

23                              **SECOND CAUSE OF ACTION**
                                    **PAGA PENALTIES**
24                            [Labor Code §§ 2698-2699.5 & 226.3]
                          *On Behalf of Plaintiff and the Aggrieved Employees*
25

26        25.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the

27  preceding paragraphs.

28

- 11 -

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

26.    Plaintiff, on behalf of himself and all Aggrieved Employees, brings this representative action pursuant to Labor Code § 2699, et seq. seeking civil penalties for Defendant's violation of Labor Code section 226(a).

27.    Based upon the foregoing, Plaintiff and all employees of Defendant who received at least one wage statement for work performed in California within the period of time from May 8, 2016 through the present and on-going are "Aggrieved Employees" within the meaning of Labor Code §2699, et seq.

28.    For purposed of this Complaint, "Aggrieved Employee" shall mean any member of the Classes who were or are employed by Defendant within the state of California from May 8, 2016 through the present (the "PAGA Period"), and who received at least one wage statement from Defendant for work performed in California.

29.    Plaintiff has completely exhausted his administrative remedies under PAGA prior to proceeding with this action. On May 8, 2017, Plaintiff filed a PAGA Notice online with the Labor Workforce Development Agency ("LWDA") on behalf of all Aggrieved Employees, including Plaintiff, and sent the PAGA Notice by certified mail to Defendant setting forth the facts and theories of the violations alleged against Defendants, as prescribed by Labor Code § 2698 et seq. As required by PAGA, the filing fees were duly submitted. Pursuant to Labor Code § 2699.3(a)(2)(A), no notice was received by Plaintiff from the LWDA evidencing its intention to investigate the additional claims alleged within the Amended PAGA Notice within sixty-five (65) calendar days of the postmark date of the PAGA Notice. Plaintiff is therefore, entitled to commence and proceed with a civil action pursuant to Labor Code § 2699.

30.    Moreover, Plaintiff and Defendant entered into a "Tolling Agreement," whereby they agreed to the tolling of the statute of limitations for all of the causes of action alleged herein from the date of the PAGA Notice through November 3, 2017.

31.    The Aggrieved Employees are all current and former employees of Defendant who were employed in California and who were subject to Defendant's uniform wage statement violations during the period of time from one year prior to the submission of Plaintiff's PAGA Notice to the LWDA through the present.

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

32.     Plaintiff was employed by Defendant and assigned to work in California during the one year preceding the submission of a PAGA Notice to the LWDA. As such, he seeks to recover, on behalf of himself and all other current and former Aggrieved Employees of Defendant, the civil penalties provided by PAGA.

33.     Plaintiff seeks to recover PAGA civil penalties through a representative action as permitted by PAGA. Therefore, class certification of this claim is neither required nor sought. *Mendoza vs. Nordstrom, Inc.* 2017 Cal. Lexis 3171 (Cal. Supreme Court May 8, 2017) ("PAGA authorizes a representative action without the need for class certification."); *Arias v. Superior Court,* 46 Cal.4th 969 (2009); *Brown v. Wal-Mart Stores, Inc.*, 651 Fed. Appx. 672 (9th Cir. Cal. 2016) (holding that PAGA "does not require individualized penalty inquiries that would defeat the commonality or predominance requirements that would defeat the commonality or predominance requirements for purposes of class certification.").

34.     Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." To the extent that Labor Code § 226.3 applies, Plaintiff also seeks such penalties on behalf of himself and the other aggrieved employees.

35.     Plaintiff and the Aggrieved Employees are entitled to separate statutory penalties under PAGA for Defendant's violations of both Labor Code § 226(a) and 226(e). In addition to the damages set forth above for their violation of each of the above-described statutes in the amount of $100 per pay period for each initial violation for each Aggrieved Employee, and $200 for each subsequent pay period for each subsequent violation per pay period for each Aggrieved Employee and/or in the amount of the Labor Code § 226(e) penalties. *See Lopez v. Friant & Assocs., LLC*, No. A148849, 2017 Cal. App. LEXIS 839, at *1 (Ct. App. Sep. 26, 2017) (("hold[ing] a plaintiff seeking civil penalties under PAGA for a violation of Labor Code section 226(a) does not have to satisfy the 'injury' and 'knowing and intentional' requirements of section 226(e)(1) and implicitly acknowledging that a Plaintiff could maintain separate claims under PAGA for violations of Labor Code §§ 226(a) and 226(e)).

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

1

**JURY DEMAND**

2      36.    Plaintiff hereby demands trial by jury of his and the Class's claims against Defendant.

3

**PRAYER FOR RELIEF**

4      Wherefore, Plaintiff, on behalf of himself, the Class Members and the Aggrieved Employees,

5   prays for judgment against Defendant as follows:

6      1.    That this action be certified as a class action, Plaintiff be appointed class

7   representative, and counsel for Plaintiff be appointed as Class Counsel.

8      2.    For a declaratory judgment that Defendant violated Labor Code section 226(a);

9      3.    For the penalties to Plaintiff and the Class as provided for in Labor Code § 226(e);

10      4.    For penalties under Labor Code § 2699, *et seq.* for Plaintiff and all aggrieved

11   employees because of Defendants' violation of Labor Code §§ 226(a), 226(e), and 226.3;

12      5.    For attorneys' fees and costs pursuant to Labor Code section 226(e) and PAGA; and

13      6.    For any other and further relief as the Court deems just and proper.

14   Dated: November 6, 2017              ACKERMANN & TILAJEF, P.C.

15

16                                        By: _____

17                                           CRAIG J. ACKERMANN
                                             Attorney for Plaintiff and the Proposed Classes

18   Dated: November 6, 2017              WINSTON LAW GROUP, P.C.

19

20                                        By: _____
21                                           DAVID S. WINSTON
                                             Attorney for Plaintiff and the Proposed Classes
22

23   Dated: November 6, 2017              MELMED LAW GROUP P.C.

24

25                                        By: _____
                                             JONATHAN MELMED
26                                           Attorney for Plaintiff and the Proposed Classes

27

28

- 14 -